KEFAUVER *v.* OAKLEY.

Opinion delivered February 5, 1923.

SALES—BREACH OF CONTRACT.—A contract for the sale of the seller's entire apple crop, although severable in that the apples were to be delivered in car lots at so much per hundred, and were to be paid for as they were received by the buyer, was entire in the sense that if the buyer complied with its terms as to payment he could then have compelled the seller to deliver to him the remainder of the crop; but where the seller refused to pay for the apples as delivered, he violated the contract and was not entitled to delivery of the remainder.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*Sullins & Ivie,* for appellant.

The contract was entire, although delivery of all the apples was not to be made at one time. 115 Tenn. 610; 9 L. R. A. (N. S.) 979; 106 Ark. 310; 160 Calif. 324; 121 N. Y. 288. The contract did not state when pay-

ments should be made, and the refusal of appellee to deliver more apples because those first delivered had not been paid for constituted a breach of the contract by appellee. See 93 Ark. 478; 88 Ark. 491; 88 Ark. 422; 56 Ark. 320. Under an entire contract, failure to deliver all the goods purchased precludes recovery for that delivered. 21 N. Y. 397; 52 N. C. 290, 75 Am. Dec. 463; 243 Pa. 313. Where the contract is entire and no time stipulated for payment, it is to be made only after complete performance. 136 Ga. 693; 103 Atl. 417; 67 Pa. 182; 100 Am. Dec. 560; 49 N. Y. 552.

*John W. Nance* and *Vol T. Lindsey,* for appellee.

When the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the whole is in its nature single and entire, the contract is severable. 88 Ark. 496; 67 Ark. 158; 2 Parsons Cont. 577; 100 Pac. 236; 13 N. Y. Supp. 552; 104 Mich. 242. A contract will be construed most favorably against the party who writes it. 112 Ark. 1; 90 Ark. 88; 73 Ark. 338.

WOOD, J. This is an action brought by the appellee against the appellant to recover the sum of $409.83, which the appellee alleged the appellant was due her on the following contract: "This confirms sale to W. E. Kefauver of my entire crop of Ben Davis and Gano apples in bulk, knots and rots out, delivered to Rogers, at $1.90 per cwt. (Signed) W. E. Kefauver. S. M. Oakley." Appellee delivered to the appellant, under the contract, at various times, apples the total amount of which was 21,570 pounds. Appellant, after demand, refused to pay for the apples thus delivered.

The appellant answered, denying the material allegations of the complaint. By way of cross-complaint he alleged that he purchased of the appellee her entire crop of apples for the year 1919, consisting of Ben Davis and Gano, as evidenced by the contract set up in the complaint; that the appellee delivered to the appellant several barrels of apples, which were accepted by the ap-

pellant and for which appellant made payment to be applied on the purchase price; that the apples delivered to the appellant by the appellee were inferior in quality, consisting principally of windfalls and drops; that, after delivering these faulty apples under the contract, appellee wholly failed to carry out her contract with the appellant, by refusing to deliver to the appellant the remainder of her crop, which consisted of the best quality of apples, and which appellant believed would have amounted to 100,000 pounds, and for which appellant would have received seventy cents per hundred profit if the appellee had complied with her contract. Appellant further alleged that he had incurred certain damages and expenses in a litigation between himself and the appellee which he had been compelled to institute on account of the breach of the contract by the appellee. The appellant alleged that the appellee, at the time of entering into the contract with the appellant, only intended to deliver to the appellant the inferior grade of apples from her orchard, and did not intend to deliver to appellant choice apples; that, by falsely representing that she would deliver to him the entire crop, she had induced the appellant to enter into the contract and to receive the inferior apples. The appellant prayed for a special master to state an account between himself and the appellee, and that the cause be transferred to equity, and that he have judgment for his damages and costs. The cause was tranferred to the chancery court.

The appellee testified to facts which tended to sustain the allegations of her complaint. It was agreed that she had delivered to appellant 21,570 pounds of apples which, at $1.90 per cwt., would amount to the sum for which she prayed judgment; that she had made demand upon the appellant three different times for the amount, and he refused to pay the same. On cross-examination she stated that, after the appellant refused to pay her, she sold what was left of her crop to another for the sum of $1,500. Before she sold the apples the ap-

pellant had paid her for the Jonathans that she had de-
livered to him early in the season in the sum of $180.14.
This sale was a separate deal before the contract in suit
was entered into. Each time the appellee made demand
on appellant for the amount due, the appellant stated
that he did not intend to pay for them until he got them
all hauled. Appellant sent word to the appellee that he
wanted to buy her apples. She went to his store on Sep-
tember 30th, and he told her that he was offering fifteen.
cents more than any other person was paying. After
appellee had sold her apples to the appellant, she ascer-
tained on the same day that other parties were paying
more. Men at the car offered her $2.25 per hundred.
Appellee could have sold to them, but did not because she
had offered to sell to the appellant, and, she says, ''I
stayed with it.''

The testimony of the appellant was to the effect
that he entered into the contract with the appellee as set
up in the complaint; that the contract provided that the
apples were to be delivered in bulk, and that the appellee
asked the appellant to let her deliver some in barrels,
and he told her she could deliver them in any way she
preferred; that the contract specified so much per hun-
dred in bulk. Appellant thought appellee could get
more by barrels. The appellee did not comply with her
contract to deliver the entire crop for the year 1919.
Appellant stated that the apples appellee brought in
were under-sized, wormy and inferior. He took the
apples to keep her satisfied so she would deliver the
apples under the contract. He received apples from her
that he would not have received from any one else. When
the appellee demanded pay for the apples she had al-
ready delivered to the appellant, he told her that he had
heard that she was trying to sell the apples for more
money, and stated to her that if she would promise, in
the presence of the four or five men who were there, that
she would deliver to appellant the balance of the apples
under the contract, he would pay her in full. Appellee

objected to that, and therefore appellant felt justified in withholding payment for the apples appellee had already delivered to him. Appellant further stated that he did not cancel the contract when he found that the appellee was delivering to him inferior apples, because he knew that she had better apples, and thought that she would certainly bring in better apples than she had brought in; otherwise he would have canceled his contract in the first place. Appellant testified that his total loss, by reason of the failure of the appellee to deliver all the apples she had agreed to deliver under the contract, amounted to the sum of $522.20.

The above are substantially the facts upon which the trial court rendered a decree in favor of the appellee against the appellant for the sum of $409.83, with interest from October 28, 1919. From that decree is this appeal.

In *Harris Lumber Co.* v. *Wheeler Lumber Co.,* 88 Ark. 491-496, we held: "Where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the whole is in its nature single and entire, the contract is severable. (Citing cases). * * * The contract in this case was entire in the sense that, if appellee had complied with its terms as to payment, it could then have compelled appellant to ship it the balance of the lumber, or else have responded in damages for its failure to do so. But here the uncontroverted proof shows that appellee was guilty of the first breach of the contract." The doctrine of the above case is peculiarly applicable to the facts of this record. The contract here under review was severable in the sense that the apples were to be delivered in car lots at so much per hundred, and were to be paid for as they were received by the appellant, but the contract was entire in the sense that if the appellant had complied with its terms as to payment, he could then have compelled the appellee to deliver to him the remainder of the crop. But the appellant was guilty of the first breach in refusing to pay for the apples as they were delivered.

The testimony warranted the court in finding that the appellee had not breached her contract at the time the appellant refused to pay for the apples which had already been delivered to him.   On the other hand, the appellant breached the contract by refusing to pay for the apples that had been already delivered by the appellee, until she had delivered her entire crop.   This the appellant had no right to do.

The decree is correct.   It is therefore affirmed.